UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v. )<br>)<br>JUAN STEWART, )<br>)<br>Defendant. )<br>) | Criminal No. 07-0084 (PLF) |

MEMORANDUM OPINION AND ORDER

On January 11, 2008, defendant Juan Stewart was sentenced to a five-year term of imprisonment after he pled guilty to a charge of Unlawful Possession with the Intent to Distribute Crack Cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). As part of his plea agreement, Mr. Stewart agreed that he would be held accountable for 29.6 grams of cocaine base. Under 21 U.S.C. § 841(b)(1)(B)(iii), a five-year term of imprisonment was the minimum sentence that could be imposed on a defendant in Mr. Stewart's position. See 21 U.S.C. § 841(b)(1)(B)(iii) (2008). In other words, it was a mandatory sentence below which the Court had no discretion to go.

On June 9, 2009, the Court announced in a criminal case unrelated to this one that it would from that point forward sentence defendants convicted of crack cocaine offenses using the Sentencing Guidelines formulated for powder cocaine offenses. See United States v. Lewis, 623 F. Supp. 2d 42, 47 (D.D.C. 2009). This change in sentencing practice meant that some crack cocaine offenders would receive substantially lower sentences than would otherwise be the case. See, e.g., id. at 43, 48 (noting that, under the Guidelines for crack offenses, Mr. Lewis would

have a Guidelines sentencing range of 151 to 188 months, whereas under the Guidelines for powder cocaine offenses, his recommended sentence would be 46 to 57 months).

On July 15, 2009, shortly after the Court's announcement in Lewis, Mr. Stewart filed a motion for a reduced sentence under 18 U.S.C. § 3742, asking that the Court resentence him using the Guidelines for powder cocaine. Before the Court could rule on that motion, Mr. Stewart submitted another filing, this time asking that his motion for a reduced sentence be stayed while Congress considered passing legislation that would reduce sentences for crack offenses to make them more comparable to sentences imposed for powder cocaine offenses. The Court accordingly stayed Mr. Stewart's motion. On August 3, 2010, President Obama signed into law the Fair Sentencing Act ("FSA"), which reduced, but did not eliminate, the disparities between sentences imposed for crack cocaine and powder cocaine offenses. See Pub. L. No. 111-220, 124 Stat. 2372. Since the FSA marked the culmination of the attempts by Congress to address those sentencing disparities, the Court now will lift the stay on Mr. Stewart's motion and address its merits.

Mr. Stewart's sentence cannot be reduced. First, the Court is not authorized by 18 U.S.C. § 3742 or by any other statute to resentence a defendant to give him the benefit of a change in the Court's sentencing practices that occurred after the defendant's conviction and original sentence became final. See Dillon v. United States, 130 S. Ct. 2683, 2687 (2010) ("A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" (citing 18 U.S.C. § 3582(c))); United States v. Douglas, 746 F. Supp. 2d 220, 224 & n.20 (D. Me. 2010) (the FSA does not affect criminal sentences that became final before the FSA's effective date). Second, the term of imprisonment to which Mr. Stewart was sentenced was then

and remains now, even after the passage of the FSA, the mandatory minimum sentence permitted by statute. See 21 U.S.C. § 841(b)(1)(B)(iii) (2011) (requiring defendants convicted of an offense involving more than 28 grams of crack cocaine to serve at least five years in prison). Accordingly, it is hereby

        ORDERED that the stay imposed on these proceedings is LIFTED; and it is

        FURTHER ORDERED that [22] Mr. Stewart's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3742 is DENIED.

        SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: June 28, 2011